**Hossein Kafshadar GOHARIAN, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–71851.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2005.\*\*

Decided March 14, 2005.

Hossein Kafshadar Goharian, Riverside, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Lisa A. Watts, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Hossein Kafshdar Goharian, a native and citizen of Iran, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture.[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition. Because the parties are familiar with the facts, we do not recount them here.

Substantial evidence supports the IJ's finding that Goharian lacked credibility.[2] Goharian's visit to Bulgaria and return to Iran in 1997, before finally leaving three years later, contradicted his testimony regarding his inability to leave Iran before 2000 and his fear of persecution. Additionally, his failure to be immediately forthright in disclosing his trip to Bulgaria suggests that he may have consciously been trying to conceal the existence of the trip. These inconsistencies were not minor, and went to the heart of his claim.[3]

Goharian did not present corroborating evidence to overcome the adverse credibility determination.[4] Thus, substantial evidence supports the IJ's finding of adverse credibility, and we are not compelled to overturn the IJ's determination.[5] Accordingly, we deny the petition.

**PETITION DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, art. 3, 23 I.L.M. 1027, 1028 (1984), *modified by* 24 I.L.M. 535 (1985), *as adopted by the United States in* Pub.L. No. 105–277, § 2242, 112 Stat. 2681, 2681–822 (1998); *see* note following 8 U.S.C. § 1231.

2. *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir. 2003). We review the IJ's decision as the final administrative decision because the BIA

summarily affirmed the IJ's decision without opinion. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003).

3. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997).

4. *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000).

5. *Ochave v. INS*, 254 F.3d 859, 862 (9th Cir. 2001).

